## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KENNETH SIMMONS, JR.**

|  |  |
|---|---|
| **Plaintiff,** | **CIVIL ACTION NO. 05-CV-60017-DT** |
| **vs.** | **DISTRICT JUDGE MARIANNE O. BATTANI** |
| **COMMISSIONER OF** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **SOCIAL SECURITY,** | |
| **Defendant.** | |

_____/

## REPORT AND RECOMMENDATION

This Court recommends that Plaintiff's Motion for Summary Judgment be **DENIED** and Defendant's Motion for Summary Judgment be **GRANTED**. The decision of the Commissioner is supported by substantial evidence on the record.

## PROCEDURAL HISTORY

This is an action for judicial review of the final decision by the Commissioner of Social Security that the Plaintiff was not "disabled" for purposes of the Social Security Act. 42 U.S.C. §§ 423, 1382. The issue for review is whether the Commissioner's decision is supported by substantial evidence on the record.

Plaintiff Kenneth Simmons, Jr. initially filed an application for Disability Insurance Benefits (DIB) on August 22, 2002, alleging that he had been disabled since March 4, 1994. (Tr. 61). Defendant initially denied Plaintiff's application. (Tr. 30). Plaintiff's initial request for a hearing was denied as untimely, but the Appeals Council later remanded the case for administrative hearing before ALJ Douglas Jones on December 10, 2003. (Tr. 26-29, 121). Defendant denied Plaintiff's request for reconsideration of the hearing decision, and the ALJ's decision is now the final decision

of the Commissioner.  (Tr. 3); 20 C.F.R. § 404.981.  Plaintiff appealed the denial of his claims to this Court, and both parties have filed motions for summary judgment.

## **MEDICAL HISTORY**

Plaintiff was born on July 13, 1953.  (Tr. 61).  On May 10, 1996, Plaintiff had surgery to alleviate his chronic anterolateral ankle pain.  (Tr. 106).  Arthur Manoli, M.D. excised Plaintiff's left distal tibial-fibular ligament and debrided some significant synovial hypertrophy.   (Tr. 106).  On September 28, 1999, Plaintiff saw John Bitner, M.D. for treatment of a cyst under his arm.  (Tr. 116-117).  At that time, he mad no complaint about his left ankle.  *Id.*  Dr. Bitner gave Plaintiff a full physical examination on February 17, 2000, and noted no problems with Plaintiff's ankle.  (Tr. 114-115).  On October 12, 2002 Martha Pollock, M.D. examined Plaintiff on behalf of the Michigan Disability service.  (Tr. 109-110).  Plaintiff did not appear to be able to heel or toe walk on his left foot, though Dr. Pollock observed that Plaintiff "gave very poor effort."  *Id.*  Plaintiff had no ankle swelling or joint abnormalities, and range of motion studies were normal bilaterally.  *Id.*

## **HEARING TESTIMONY**

At the administrative hearing, Plaintiff testified that he was unable to work due to the pressure, swelling, and discomfort in his left ankle.  (Tr. 130-31).  Plaintiff denied any problems sitting, squatting, or bending, and said he could lift up to fifty pounds, though he couldn't carry that much weight due to his ankle problems.  (Tr. 132-133).  Plaintiff testified that he had not seen any doctor or taken any medication for a year and a half prior to the hearing.  (Tr. 129-130).

A vocational expert, Judith Findora, also testified at the hearing.  The vocational expert was instructed to testify about the availability of jobs for a hypothetical person of Plaintiff's age

and educational level with some additional physical limitations. (Tr. 139). Specifically, the vocational expert was asked to testify concerning a hypothetical person who could perform a range of medium work that involved no use of left foot or leg controls, no more than fifteen minutes of walking at a time without an opportunity to rest for at least fifteen minutes, only occasional stair climbing, no ladder climbing, and did not involve carrying (rather than lifting) more than 25 pounds. The vocational expert at first testified that this hypothetical person would be unable to perform any of Plaintiff's past relevant work as it is performed in the national economy. (Tr. 139). However, after the ALJ clarified that the hypothetical person did not require a sit/stand option, but merely needed to be able to stand still and walk in roughly equal intervals, the vocational expert testified that the hypothetical person would be able to perform Plaintiff's past work as a press operator. (Tr. 139-140). The vocational expert also testified that the hypothetical person would be able to perform in several thousand other positions in the regional economy.

### STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). It is not the function

of this court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether substantial evidence supports the Commissioner's decision, the Court must examine the administrative record as a whole. *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even where substantial evidence also supports the opposite conclusion and the reviewing court would decide the matter differently. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## DISCUSSION AND ANALYSIS

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff had to show that:

    (1)    he was not presently engaged in substantial gainful employment; and

    (2)    he suffered from a severe impairment; and

    (3)    the impairment met or was medically equal to a "listed impairment;" or

    (4)    he did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R.. § 416.920(a)-(e). If Plaintiff's impairments prevented him from doing his past work, the Commissioner would, at step five, consider his RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform

-4-

specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id*. (citations omitted).

The ALJ found, in the alternative, that Plaintiff was not disabled because he retained the functional capacity to perform his past work and that Plaintiff was not disabled because he retained the functional capacity to perform a substantial number of jobs in the regional economy. Plaintiff argues that the ALJ erred as a matter of law in assessing Plaintiff's credibility. 20 C.F.R. § 404.1529 governs an ALJ's credibility determination. It requires that the ALJ to consider a variety of factors in reaching a credibility determination, including the state of the medical evidence, treatment history, medication history, Plaintiff's daily activities, and any inconsistencies in Plaintiff's own testimony. Several of the § 404.1529 factors weigh in favor of the ALJ's conclusion that Plaintiff was not completely credible, and the credibility assessment is therefore supported by substantial evidence on the record. Since 1996, no doctor or medical source has identified any medical problem with Plaintiff's left foot or ankle. Plaintiff does not take any medication for his left ankle problem, and he appears not to have even consulted a physician about the possibility of treating the problem. Plaintiff was wearing a brace when he was examined by a physician working for the Michigan Disability Determination service. The physician observed no patent physical defects in Plaintiff's left ankle, a full range of ankle motion bilaterally, and noted of Plaintiff's failure to walk on his heels or toes that Plaintiff "gave very poor effort." In light of these circumstances, there was substantial evidence on the record supporting ALJ's conclusion that Plaintiff's complaints of disabling ankle and achilles tendon pain were less than fully credible.

Plaintiff argues that the ALJ improperly determined his RFC because he concluded that Plaintiff had substantial walking limitations but was able to stand for several hours at a time. Both the objective medical evidence and Plaintiff's own statements strongly suggest that Plaintiff has less trouble standing and squatting than he does walking. The evidence on the record does not compel the conclusion that Plaintiff must have a sit/stand option, and the ALJ's RFC finding as a whole is supported by substantial evidence on the record.

Plaintiff raises no other objection to the ALJ's RFC finding. Plaintiff does argue that the ALJ erred as a matter of law in relying on the vocational expert's testimony to find that Plaintiff was able to perform his past work. However, even if the Court were to accept Plaintiff's step four argument, the ALJ's determination that Plaintiff is not disabled is still adequately supported by his alternative finding, at step five, that Plaintiff can perform a substantial number of jobs in the regional economy.

## RECOMMENDATION

The Commissioner's decision is supported by substantial evidence. Plaintiff's Motion for Summary Judgment should be DENIED, and. Defendant's Motion for Summary Judgment should be GRANTED.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not

preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: January 18, 2006                      s/ Mona K. Majzoub                              
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE




**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 18, 2006                      s/ Lisa C. Bartlett                             
                                             Courtroom Deputy

-7-